IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHNNY BRYANT,<br>　　　　Plaintiff,<br><br>v.<br><br>INTERCONTINENTAL TERMINALS COMPANY LLC; and CIMA SERVICES, LP,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§　　CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S
<u>NOTICE OF REMOVAL</u>**

Defendant Intercontinental Terminals Company LLC ("ITC") hereby removes this action from the 157th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

## I.　Introduction

1.　On February 3, 2021, Johnny Bryant ("Plaintiff") commenced a civil action against ITC and CIMA Services, L.P. ("CIMA") in the 157th Judicial District Court of Harris County, Texas, bearing Cause No. 2021-06773, styled *Bryant v. Intercontinental Terminals Company LLC and CIMA Services, LP* (the "Petition").[1]

2.　ITC was served on February 22, 2021.[2]

---

[1]　Pl. Pet. (Ex. A-1).

[2]　Citation of Service (Ex. B).

3. For the reasons discussed below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, ITC is diverse from Plaintiff, and CIMA—the only local defendant—has been improperly joined. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II. Removal is Proper in This Case

**A. The amount in controversy exceeds $75,000.**

4. It is apparent from the face of the Petition that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff asserts negligence, gross negligence, and negligence per se claims against ITC, and maintains that it is liable for Plaintiff suffering from health problems, including respiratory infections and shortness of breath.[3] Plaintiff alleges that ITC is liable to him for the following categories of damages:

    (i)    past and future medical care and expenses;

    (ii)    past and future physical pain and suffering;

    (iii)    past and future physical impairment;

    (iv)    lost earnings and lost earning capacity;

    (v)    past and future disfigurement;

    (vi)    medical monitoring; and

    (vii)    past and future mental anguish.[4]

5. Plaintiff also seeks recovery of punitive and exemplary damages.[5] ITC rejects Plaintiff's contention that exemplary damages are warranted in this matter. Nevertheless,

---

[3] Pl. Pet. ¶¶ 14–19, 12 (Ex. A-1).

[4] Id. ¶ 20.

[5] Id. ¶¶ 18, 20.

"[t]he Fifth Circuit has held that the amount in controversy may include punitive damages if they are recoverable as a matter of state law." *Holland v. CitiMortgage, Inc.*, No. 4:16-CV-3219, 2017 WL 1409137, at *1 (S.D. Tex. Apr. 20, 2017) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Celestine v. TransWood, Inc.*, 467 Fed. App'x 317, 319 (5th Cir. 2012) (unpublished)).

6. "Under the Texas Civil Practice and Remedies Code, a plaintiff is entitled to recover exemplary damages if he proves, by clear and convincing evidence, that the defendant acted . . . with gross negligence," *id.* (quoting *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 757 (Tex. App.—Houston [14th Dist.] 2005, no pet.)), a claim Plaintiff has asserted in this case. Exemplary damages under Texas law "may not exceed an amount equal to the greater of . . . [(1)] two times the amount of economic damages; plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." TEX. CIV. PRAC. & REM. CODE § 41.008. Given these caps, a claim for exemplary damages, standing alone, is sufficient to establish that the amount in controversy is satisfied. *See Jasso v. State Farm Lloyds*, No. 1:15-CV-203, 2015 WL 13674737, at *3 (S.D. Tex. Dec. 31, 2015) ("[I]t is apparent from the face of [Plaintiff's] Original Petition that the amount in controversy likely exceeds $75,000 because [Plaintiff] has asserted a claim for exemplary damages that could result in an award of $200,000 or more."), *report and recommendation adopted*, No. 1:15-CV-203, 2016 WL 10788075 (S.D. Tex. Jan. 19, 2016). The amount in controversy requirement is clearly satisfied.

**B.  There is complete diversity of citizenship because CIMA's citizenship must be ignored in the removal analysis.**

7. At the time this action was commenced and at present, Plaintiff was and remains a citizen of Texas.[6]

---

[6]  Pl. Pet. ¶ 1 (Ex. A-1).

3

8. At the time this action was commenced and at present, ITC was and is a Delaware limited liability company. "[T]he citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ITC's sole member, Defendant Mitsui USA, is a New York corporation with its principal place of business in New York, at 200 Park Avenue, New York, NY 10166. For diversity purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, for purposes of diversity jurisdiction, ITC is a citizen of New York. *See* 28 U.S.C. § 1332(c)(1); *Harvey*, 542 F.3d at 1080.

9. At the time this action was commenced and at present, CIMA was and remains a domestic limited partnership organized in the State of Texas. The general partner of CIMA Services, LP is CIMA Services Management, Inc., which is a corporation organized in the State of Texas with its principal place of business in Harris County, Texas. Accordingly, CIMA was and remains a citizen of Texas. *Harvey*, 542 F.3d at 1079 (holding that the "citizenship of a limited partnership is based upon the citizenship of each of its partners.").

10. Were CIMA a proper party to this lawsuit, its presence would preclude the Court's exercise of its diversity jurisdiction. However, because it was improperly joined (as explained below), CIMA's citizenship is ignored for purposes of the removal analysis. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 948 (S.D. Tex. 2016) ("[T]he court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction.").

**C.   CIMA was improperly joined.**

11. Plaintiffs in the consolidated proceedings regarding the ITC fire already attempted to join CIMA as a defendant in a clear effort to defeat diversity jurisdiction. *See*

*Munoz et al. v. Intercontinental Terminals Company, LLC*, 4:19-cv-01460 and related cases; *Munoz* Dkt. 156. The Court denied that effort in a ruling from the bench during a hearing on January 24, 2020. *Munoz* Dkt. 192. Plaintiff's efforts to drag CIMA into this case should meet the same fate.

12. A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Court "conduct[s] a Rule 12(b)(6)-type analysis" to determine whether there is a reasonable basis to predict that the plaintiff may recover from the non-diverse defendant. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915 (5th Cir. 2009). Alternatively, "if the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry." *Id.* (internal quotations omitted).

      **i.**    **Plaintiff has failed to state a claim against CIMA under Texas law.**

13. In determining whether a plaintiff has stated a claim against the in-state defendant under a Rule 12(b)(6)-type analysis, the court must look to "the state court complaint *at the time of removal*," for "a plaintiff cannot defeat removal by amending" his complaint. *Cavallini v. State Farm Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (emphasis added). Moreover, courts are to apply "the federal pleading standard" in evaluating the plaintiff's state-court complaint. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203–04 (5th Cir. 2016). Thus, "a plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"

*Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 636 (S.D. Tex. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *aff'd*, 337 F. App'x 397 (5th Cir. 2009).

14. Plaintiff's claims against CIMA fail to meet this standard.

15. Plaintiff alleges that CIMA is liable for negligence, gross negligence, and negligence per se.[7] Yet Plaintiff fails to make even a single distinct allegation against CIMA, let alone plead any act or omission on the part of CIMA that would give rise to Plaintiff's claim. Instead, Plaintiff impermissibly lumps CIMA together with ITC, collectively referring to CIMA along with ITC as "Defendants."

16. These allegations are insufficient as a matter of law. Plaintiff's Petition is devoid of any *factual, non-conclusory allegations* against CIMA. *Bradley v. Phillips Petrol. Co.*, 527 F. Supp. 2d 625, 636 (S.D. Tex. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *aff'd*, 337 F. App'x 397 (5th Cir. 2009) ("[A] plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"). Plaintiff provides no facts linking CIMA to ITC, to the incident underlying Plaintiff's claims, or to Plaintiff's alleged injuries; he has failed to adequately allege any negligence or gross negligence claim. *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (finding plaintiffs had failed to state "a plausible, non-conclusory allegation as to breach" where their claims failed to identify any link between the allegedly wrongful conduct and the incident allegedly resulting in injury).

17. Finally, Plaintiff has failed to adequately allege a negligence per se claim.[8] Plaintiff's barebones allegations fail to identify a single law or regulation CIMA allegedly

---

[7] Pl. Pet. ¶¶ 14–19 (Ex. A-1).

[8] *Id*. ¶ 19.

violated, let alone name a single act or omission of CIMA's that purportedly violated the unidentified statutory scheme. *Del Castillo*, 2015 WL 3833447, at *6 (recognizing that negligence per se allegations that fail to "identify any specific statutory provision that [a defendant] violated" are insufficient as a matter of law).

18. Plaintiff also impermissibly lumps ITC and CIMA together without differentiating between their allegedly wrongful conduct or establishing how that conduct violated any applicable statute or regulation. *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, at *5 (N.D. Tex. Sept. 25, 2014) (recognizing that "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.") (quoting *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014)).

### ii. CIMA's citizenship is ignored for purposes of determining whether complete diversity exists.

19. Because Plaintiff's Petition reveals no reasonable possibility that he can recover against CIMA, CIMA has been improperly joined in this lawsuit, and its citizenship is ignored in the removal analysis. *See Lopez*, 197 F. Supp. 3d at 948 ("[T]he court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction."). Thus, complete diversity, as between Plaintiff on the one hand and ITC on the other, exists.

### III. The Procedural Requirements for Removal Have Been Satisfied

20. ITC was served with Plaintiff's Original Petition on February 22, 2021.[9] Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

---

[9] Citation of Service (Ex. B).

21. The United States District Court for the Southern District of Texas, Houston Division, includes the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(b)(2) and 1441(a).

22. While unnecessary because it has been improperly joined, *see Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), CIMA also consents to this removal. Moreover, the removal prohibition of 28 U.S.C. § 1441(b)(2) does not apply when, as here, the forum defendant is improperly joined.

23. Pursuant to 28 U.S.C. § 1446(d), ITC is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C § 1446(d).

24. Pursuant to Local Rule 81 for the Southern District of Texas, ITC attaches the following indexed documents to this removal:

> (i) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);
>
> (ii) All executed process in the case (Exhibit B);
>
> (iii) All orders signed by the State Judge (Exhibit C);
>
> (iv) The docket sheet (Exhibit D);
>
> (v) An index of matters being filed (Exhibit E); and
>
> (vi) A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

25. ITC submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief

may be granted, without admitting that Plaintiff has standing, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

## IV. Conclusion

ITC prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

| | |
|---|---|
| Dated:  March 5, 2021 | Respectfully submitted, |
| | BAKER BOTTS L.L.P. |
| OF COUNSEL: | |
| Michael S. Goldberg | By: */s/ Russell C. Lewis* |
| Texas Bar No. 08075800 | Russell C. Lewis |
| Federal I.D. No. 01279 | Attorney-in-Charge |
| Benjamin Gonsoulin | Texas Bar No. 24036968 |
| Texas Bar No. 24099682 | Federal I.D. No. 569523 |
| Federal I.D. No. 2969896 | One Shell Plaza |
| Kelly Hanen | 910 Louisiana Street |
| Texas Bar No. 24101862 | Houston, Texas 77002-4995 |
| Federal I.D. No. 3038458 | Telephone:  (713) 229-1767 |
| Elizabeth Furlow | Facsimile:  (713) 229-2867 |
| Texas Bar No. 24109899 | russell.lewis@bakerbotts.com |
| Federal I.D. No. 3402815 | |
| BAKER BOTTS L.L.P. | ATTORNEYS FOR DEFENDANT |
| One Shell Plaza | INTERCONTINENTAL TERMINALS |
| 910 Louisiana Street | COMPANY LLC |
| Houston, Texas 77002-4995 | |
| Telephone:  (713) 229-1234 | |
| Facsimile:  (713) 229-1522 | |
| michael.goldberg@bakerbotts.com | |
| ben.gonsoulin@bakerbotts.com | |
| kelly.hanen@bakerbotts.com | |
| elizabeth.furlow@bakerbotts.com | |

Ivan M. Rodriguez
Texas Bar No. 24058977
Federal I.D. No. 4566982
Marc G. Matthews
Texas Bar No. 24055921
Federal I.D. No.  705809
J. Alan Harrell
Texas Bar No. 24114609
Federal I.D. No. 3416065
PHELPS DUNBAR LLP
500 Dallas, Suite 1300
Houston, Texas  77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
ivan.rodriguez@phelps.com
marc.matthews@phelps.com
alan.harrell@phelps.com

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 5th day of March, 2021:

David Points, III
The Payne Firm, P.C.
2900 Smith Street, Suite 200
Houston, Texas 77006

*Attorneys for Plaintiff*

*/s/ Russell C. Lewis*
Russell C. Lewis