# EXHIBIT A

# EXHIBIT A-1

Case 4:21-cv-00736 Document 1-1 Filed on 03/05/21 in TXSD Page 3 of 20

2/3/2021 4:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50328101
By: Joshua Hall
Filed: 2/3/2021 4:03 PM

## 2021-06773 / Court: 157

CAUSE NO._____

| | | |
|---|---|---|
| **JOHNNY BRYANT** § | § | IN THE DISTRICT COURT |
| *Plaintiff* § | § | |
| § | | |
| **V.** § | § | HARRIS COUNTY, TEXAS |
| § | | |
| **INTERCONTINENTAL TERMINALS** § | § | |
| **COMPANY, LLC; AND CIMA** § | § | |
| **SERVICES, LP.** § | § | _____ JUDICIAL DISTRICT |
| *Defendants* § | | |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **JOHNNY BRYANT, Individually** (hereinafter referred to as "Plaintiff") complains of **INTERCONTINENTAL TERMINALS COMPANY, LLC ("ITC") AND CIMA SERVICES, LP. ("CIMA"),** (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

### (I)  MONETARY RELIEF

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiff intends to seek monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### (II)  PARTIES

1. Plaintiff JOHNNY BRYANT is a resident of HARRIS COUNTY, Texas.

2. Defendant INTERCONTINENTAL TERMINALS COMPANY, LLC is a corporation formed under Delaware law with its principal place of business in Harris County, Texas and thus subject to jurisdiction in Texas, and thus subject to jurisdiction in Texas. ITC operates a facility in Harris County, Texas in or around the City of Deer Park, Texas along the Houston Ship Channel (the "ITC Facility"). According to Texas Secretary of State records, ITC maintains its corporate office at 1021 Main Street, Suite 1150, Houston, Texas

1

77002-6508. ITC may be served with process through its registered agent, CT Corporation System, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

3. Defendant CIMA SERVICES, LP ("CIMA") is a limited partnership engaged in business in the State of Texas, with its principle place of business at 790 W. Sam Houston Parkway North, Suite 202, Houston, Texas 77024. Consequently, it is a Texas citizen for both diversity and removal jurisdiction purposes. It may be served through its registered agent, Loren R. Cook & Associates Ltd., LLP., 790 W. Same Houston Pkwy. N, Suite 202, Houston, Texas 77024. The general partner of CIMA is CIMA Services Management, Inc.'s registered agent for service is also Loren R. Cook & Associates Ltd., LLP., 790 W. Same Houston Pkwy. N, Suite 202, Houston, Texas 77024.

### (III)   JURISDICTION AND VENUE

Venue is proper in Harris County on the grounds that at all times material to this lawsuit and to the filing of this lawsuit, all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County, Texas. Therefore, venue properly lies in Harris County

### (IV)   MISNOMER/MISIDENTIFICATION

In the event any parties are misnamed or are not included herein, it is Plaintiff's contentions that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### (V)   FACTS

4. The ITC Facility is a large petrochemical terminal along the Houston Ship Channel. The ITC Facility is approximately 265 acres and at the time of the incident described below (the "ITC Incident") contained 242 tanks with a storage capacity of 13 million barrels. ITC receives and services its customers' products by ship, barge, pipeline, rail, and truck.

5. This lawsuit stems from a March 17, 2019 fire and explosion that occurred at the ITC Facility. The fire began when butane was being injected into Tank 80-8, which contained

2

naphtha, a volatile substance used to create octane-boosting components for gasoline. The fire occurred when the Tank 80-8 manifold had a catastrophic failure causing the butane to vaporize and ignite. The portion of the facility where the fire occurred contained fifteen storage tanks in three rows of five. Tank 80-8 was located approximately in the middle of the tank farm. Notably, there was no foam fire suppression system in place and no access to dry chemical fire suppression or foam, which would have quickly extinguished the blaze. Therefore, the fire burned uncontrolled and spread to adjacent Tanks 80-2, 80-3, 80-5, 80-6, 80-11 and 80-13.

6. The fire continued to rage fueled by chemicals contained in the multiple storage tanks that were compromised by the fire and a dark black cloud of smoke engulfed the surrounding area for miles. Additional tanks caught fire, and approximately 11 tanks were actively burning and releasing air contaminants on March 18 through 19, 2019. The tanks contained gasoline blend stocks and components, such as xylene, toluene and pyrolysis gasoline (which contains the carcinogen benzene). The fire was put out for several hours on March 20, 2019, but in the evening a tank re-ignited and was subsequently extinguished.

7. On March 21 and 22, 2019, benzene emissions caused by the damaged tanks resulted in a shelter-in-place for residents in Deer Park and La Porte and local school districts were closed. On multiple occasions air quality tests revealed Benzene and other volatile organic compound (VOC) readings in excess of the action levels set by the Occupational Safety and Health Administration (OSHA). In fact, an air monitoring report revealed 51 benzene detections with an average concentration of 2.71 ppm, with a peak detection of 10.55 ppm near the intersection of Highway 225 and Independence Parkway on March 21, 2019.

8. In the afternoon of March 22, 2019, two tanks re-ignited sending another plume of black smoke into the air. Additionally, a containment dike surrounding the tanks collapsed resulting in the discharge of industrial waste and firefighting foam into a nearby ditch, and

eventually Tucker Bayou and the Houston Ship Channel. The contents of the ditch ignited and burned for approximately an hour sending more black smoke and contaminants into the air.

9. ITC has a long history of state and federal environmental violations. According to the Texas Commission on Environmental Quality, Intercontinental Terminals Company (ITC) has been fined for multiple infractions that could have been avoided. In 2008, ITC was fined when a relief valve failed causing 6,745 pounds of unauthorized butadiene to be released into the atmosphere due to the facility's failure to prevent an increase in pressure. The Commission said the event was "avoidable by better operational practices." Butadiene is a carcinogen to humans and is used to make plastics.

10. In 2009, ITC was fined for failing to "prevent the overloading of a railcar resulting in the unauthorized release of 1,452 pounds of toluene, a hazardous air pollutant, during a four-hour emissions event." This event was also said to be avoidable because the release was due to an operator failing to tighten a bolt on a hatch.

11. ITC has committed repeated water violations. In 2017, the TCEQ fined ITC for releasing cyanide into the San Jacinto River basin in an amount more than ten times the permitted levels. In 2016, ITC released more than three times the limit for sulfide, and in 2015 ITC was found over the limit for chlorine discharge. Since July 2017, ITC has also failed to file monitoring reports on its chemical services, as required by federal regulations.

12. ITC concedes that over just the first 24-hour period following the ITC Incident, the fire emitted approximately 6,287,543 pounds of carbon monoxide; 957,116 pounds of naphtha (a flammable liquid hydrocarbon mixture); 889,906 pounds of gasoline blend stock; 460,243 pounds of lube oil; 111,758 pounds of toluene (a water-insoluble liquid predominantly used as an industrial feedstock); 73,824 pounds of nitrogen dioxide; and 3,314 pounds of sulfur dioxide. At least ten 80,000 barrel tanks containing different

petrochemicals burned, and there were weeks of elevated benzene levels resulting in closures to schools, businesses, and infrastructure.

13. On March 17, 2019, Plaintiff, Johnny Bryant was exposed to contaminants from the fire. He has suffered from health problems, including respiratory infections and shortness of breath as a result of breathing the toxic cloud released by Defendants. In short, Plaintiff has suffered injuries and damages as a proximate result of Defendants' negligent acts and omissions which resulted in the massive fire subject to this lawsuit.

### (VI) <u>NEGLIGENCE AND GROSS NEGLIGENCE</u>

14. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein and further states as follows:

15. The acts and omissions of Defendants constitute negligence and gross negligence, and separately and concurrently were a proximate cause of the incident upon which this suit is based, and of the injuries and damages suffered and sustained by Plaintiff. The negligent acts and omissions of Defendants include the following:

   a. Defendants failed to maintain equipment, including the Tank 80-8 manifold and seals;

   b. Defendants failed to have in place a fixed foam fire suppression system for fire prevention, control or direct extinguishment of any flammable or combustible liquid fire within their tanks;

   c. Defendants failed to ensure that foam generating equipment, including the foam concentrate tank and pump were constructed to resist fire and heat, and/or failed to locate the equipment in an area that would be protected from exposure to fire;

   d. Defendants failed to have access to dry chemical and/or foam fire suppression materials to extinguish the fire after it started;

   e. Defendants failed to adequately train workers regarding the hazards of injecting butane into tank manifolds;

5

  f. Defendants failed to implement written procedures to maintain the ongoing fitness for service of Tank 80-8 injection/circulation piping components;

  g. Defendants failed to use ordinary care in developing and implementing a safety and fire prevention program;

  h. Defendants failed to supervise and train workers to ensure that any safety guidelines in place would be enforced to protect against leaks when injecting butane into tank manifolds;

  i. Defendants caused and permitted the release of volatile organic compounds and chemicals resulting in a continuous toxic cloud over La Porte, Deer Park and other parts of Harris County, Texas;

  j. Defendants failed to use ordinary care in monitoring the release of air contaminants and providing adequate warnings to the community of the release of volatile organic compounds and chemicals, including benzene;

  k. Defendants failed to perform inspections and tests on the Tank 80-8 cargo pump discharge circulation piping and injection point process piping; and

  l. Defendant used process piping on Tank 80-8 that was below the minimum required thickness to inject and mix butane with Naphtha.

16. Each of the foregoing acts and omissions, when taken separately or together, constitute negligence. Such acts were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

17. The acts or omissions of Defendants involved an extreme degree of risk of which they had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Specifically, Defendants have a long history of incidents involving the release of toxic chemicals, as well as, citations and fines from regulatory agencies. Even after these events, at the time of this catastrophic fire, Defendants operated the facility with institutional ignorance or defiance to a culture of safety and accountability.

18. The forgoing actions and inactions of Defendants, and/or their respective employees or

agents, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct or malice resulting in the damages sustained by Plaintiff. These acts or omissions satisfy both the objective and subjective elements of **gross negligence** which is governed by V.T.C.A., Civil Practice & Remedies Code §§ 41.001(11), 41.003(a). Indeed, Defendants had actual awareness of the extreme degree of risk associated with the release of toxic chemicals and fires, and nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff by failing to act to minimize or eliminate these risks. Therefore, Defendants are guilty of gross negligence for which they should be held liable in punitive and exemplary damages to Plaintiff.

## (VII) NEGLIGENCE PER SE

Defendants' conduct described herein constitutes an unexcused breach of duty imposed by law. Plaintiffs are members of the class that the law was designed to protect. Defendants' unexcused breach of the duty imposed by the law approximately caused Plaintiffs' injuries and damages described herein.

## (VIII) DAMAGES

Plaintiff would show that as a proximate result of the Defendants' negligence, he has suffered serious and disabling injuries, including the following:

a.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.  Physical pain and suffering in the past;

7

    d.    Physical pain and suffering in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.    Loss of earnings in the past;

    h.    Loss of earning capacity which will, in all probability, be incurred in the future;

    i.    Disfigurement in the past;

    j.    Disfigurement in the future;

    k.    The cost of future medical monitoring;

    l.    Mental anguish in the past; and

    m.    Mental anguish in the future.

As a further result of the injuries sustained by Plaintiff JOHNNY BRYANT, individually there is a reasonable probability Plaintiff will require future medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

## (IX) RULE 193.7 NOTICE

Pursuant Texas Rule of Civil Procedure 193.7 Plaintiff intends to use all of Defendants' discovery responses as evidence at trial in accordance with such right and privileges.

## (X) PRESERVING EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incidents made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic image or information related to the

referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## (XI) DISCLOSURE REQUEST

Pursuant Texas Rule of Civil Procedure 194, except as exempted by Rule 194.2(d) or as otherwise agreed by the parties or ordered by the court, Defendants must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, 194.3, and 194.4 of the Texas Rule of Civil Procedure.

## (XII) PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests Defendants be cited to appear and answer and that on final trial Plaintiff has:

1. Judgment against Defendants for a sum within the jurisdictional limits of the Court, with prejudgment interest as provided by law;
2. Interest after judgment at the legal rate until paid;
3. Costs of suit;
4. Damages for pain and suffering and mental anguish;
5. Medical Expenses;
6. Punitive Damages; and
7. Such other and further relief to which Plaintiff may be justly entitled to.

Respectfully submitted,

9

**THE PAYNE FIRM, P. C.**

*/s/ David Points*

**David Points, III**
SBN: 24105943
dpoints@paynelawfirm.com
THE PAYNE LAW FIRM, P.C.
2900 Smith Street, Ste. 200
Houston, TX 77006
TBN: 24101420
(713) 223-5100
Dpoints@paynelawfirm.com

10

# EXHIBIT A-2

CAUSE NO. 2021-06773

| | | |
|---|---|---|
| JOHNNY BRYANT, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INTERCONTINENTAL TERMINALS COMPANY LLC and CIMA SERVICES, LP | § § § | |
| | § | |
| Defendants. | § | 157th JUDICIAL DISTRICT |

**DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, <u>ORIGINAL ANSWER</u>**

Defendant Intercontinental Terminals Company LLC ("Defendant") files its Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff's Original Petition, Jury Demand, and Requests for Disclosure (the "Petition").

## I. Motion to Transfer Venue

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, Defendant respectfully requests that venue for this action be transferred from Harris County to another county of proper venue under the Texas Civil Practice and Remedies Code. Defendant will supplement the record with a brief in support of its motion and necessary affidavit upon completion of sufficient discovery.

## II. General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations and claims set forth in Plaintiff's Petition and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### III.     Affirmative Defenses

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because Plaintiff lacks standing to bring, in whole or in part, the claims alleged in the Petition.

3. Defendant asserts the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling Defendant to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against it by the degree of negligence or fault attributable to any other person or party.

4. Defendant asserts the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused by separate and independent events or agencies that were not the result of Defendant's actions or reasonably foreseeable to Defendant or within its control.

5. Defendant denies that the alleged injuries of Plaintiff were proximately caused by any alleged act or omission of Defendant.

6. As an affirmative defense, the evidence may show that one or more claims of Plaintiff are barred in whole or in part by the failure to mitigate damages.

7. As an affirmative defense, the evidence may show that one or more of Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

8. All conduct and activities of Defendant, as alleged in the Petition, conformed to applicable statutes, government regulations, government-issued permits, and industry standards based upon the state of knowledge at the time alleged in the Petition and/or

were taken at the specific direction of or in conjunction with or with approval or ratification by federal, state, and/or local governmental authorities.

9. Alternatively, should any amount be cast against Defendant in judgment, Defendant is entitled to a credit and off-set for any and all payments made to Plaintiff for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

10. Defendant denies any liability for punitive or exemplary damages. In any event, Plaintiff's claims for exemplary damages are limited by Tex. Civ. Prac. & Rem. Code § 41.008.

11. Defendant denies any liability for punitive or exemplary damages. In any event, Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

12. Defendant denies any liability for punitive or exemplary damages. In any event, Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness or the appropriate size of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and

does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

13. Defendant denies any liability for punitive or exemplary damages. In any event, a punitive damages award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to that Constitution, and Article I, § 19 of the Texas Constitution.

14. Defendant reserves the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

## IV.     Right to Amend

Defendant reserves the right to amend this Answer.

## V.     Request for Jury

Defendant requests a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

## VI.     Prayer

Defendant requests that this Court, after trial or final hearing of this case, enter judgment in Defendant's favor, that Plaintiff take nothing by reason of this suit, and that the Court award Defendant its costs of court and expenses and all other relief to which it is entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Russell C. Lewis*
      Russell C. Lewis
      Texas Bar No. 24036968
      Michael S. Goldberg
      Texas Bar No. 08075800
      Benjamin Gonsoulin
      Texas Bar No. 24099682
      Kelly Hanen
      Texas Bar No. 24101862
      Elizabeth Furlow
      Texas Bar No. 24109899
      One Shell Plaza
      910 Louisiana Street
      Houston, Texas 77002-4995
      Telephone: (713) 229-1767
      Facsimile: (713) 229-2867
      russell.lewis@bakerbotts.com
      michael.goldberg@bakerbotts.com
      ben.gonsoulin@bakerbotts.com
      kelly.hanen@bakerbotts.com
      elizabeth.furlow@bakerbotts.com

PHELPS DUNBAR LLP

By: */s/ Ivan M. Rodriguez*
      Ivan M. Rodriguez
      Texas Bar No. 24058977
      Marc G. Matthews
      Texas Bar No. 24055921
      J. Alan Harrell
      Texas Bar No. 24114609
      500 Dallas, Suite 1300
      Houston, Texas  77002
      Telephone:  (713) 626-1386
      Telecopier:  (713) 626-1388
      ivan.rodriguez@phelps.com
      marc.matthews@phelps.com
      alan.harrell@phelps.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

## CERTIFICATE OF SERVICE

      This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 5th day of March 2021:

David Points, III
The Payne Law Firm, P.C.
2900 Smith Street, Ste. 200
Houston, TX 77006
Email: dpoints@paynelawfirm.com

                                  */s/ Russell C. Lewis*
                                  Russell C. Lewis